IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HAMPTON, <br><br> Plaintiff, <br> v. <br><br> UTAH TRANSIT AUTHORITY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:16-CV-1282-JNP-EJF <br><br> District Judge Jill N. Parrish |

Plaintiff Steven Hampton brought this action against the Utah Transit Authority ("UTA") after he was laid off in September 2015. He alleges that UTA's decision to terminate his employment constitutes age discrimination under the Age Discrimination in Employment Act ("ADEA") and that UTA breached a contract between the parties.

On January 27, 2017, UTA filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim (ECF No. 5). The court denied that motion in part and granted it in part on September 7, 2017 (ECF No. 16). Specifically, the court dismissed with prejudice Mr. Hampton's age discrimination claim under 49 U.S.C. § 5332(b) and 42 U.S.C. § 2000d, and it dismissed without prejudice his breach-of-contract claim. As part of that order, the court also required Mr. Hampton to file either an amended complaint or a response to UTA's argument (first raised in its reply brief) that Mr. Hampton's complaint was untimely filed.

On October 16, 2017, Mr. Hampton filed a supplemental response to UTA's argument and sought leave to amend his complaint (ECF Nos. 19, 20). The court granted the motion to amend and took the response under consideration. On October 30, 2017, UTA filed a

consolidated motion to dismiss Mr. Hampton's amended complaint under Rule 12(b)(6) (ECF No. 24). That motion is now before the court.

I. BACKGROUND

Mr. Hampton is 65 years old. He worked for UTA from 2007 to 2015 as an Auditor. But on September 16, 2015, UTA informed Mr. Hampton that it intended to terminate his position as part of a reduction in force. At about the same time, UTA sought applicants for the position of Senior Internal Auditor, which Mr. Hampton posits involves substantially the same duties and responsibilities that he performed as an Auditor.

Prior to his termination, Mr. Hampton met with Chief Internal Auditor Isaac Clark and HR representative Kenya Fail. Mr. Clark and Ms. Fail promised that UTA would provide Mr. Hampton with a permanent UTA ride pass as part of a severance package. They also promised him that his unused sick leave would be converted to a Health Reimbursement Arrangement ("HRA"). Mr. Hampton alleges that this meeting was not the first time he was informed that he would receive these benefits.

After the meeting, UTA presented Mr. Hampton with a severance agreement, but he ultimately refused that offer. After Mr. Hampton declined the agreement, UTA terminated his employment and refused him the permanent ride pass and HRA conversion.

On March 11, 2016, Mr. Hampton filled out a "Civil Rights Complaint Form" and submitted it to the Utah Antidiscrimination and Labor Division ("UALD"), which has a work-sharing agreement with the Equal Employment Opportunity Commission ("EEOC"). Mr. Hampton admits that he received a phone call from the UALD indicating that his charge was untimely filed. However, Mr. Hampton never received a Notice of Right to Sue or other documentation terminating proceedings from the EEOC. To his knowledge, the EEOC never terminated the proceedings before it.

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To do so, a plaintiff must plead both a viable legal theory and "enough factual matter, taken as true, to make [the] 'claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A plaintiff is not required to include detailed factual allegations, but the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and ultimately must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.     DISCUSSION

UTA argues that Mr. Hampton's age discrimination claim under the ADEA should be dismissed for three reasons: (1) Mr. Hampton failed to meet the applicable 90-day statute of limitations for an ADEA claim; (2) Mr. Hampton has not pled a claim for age discrimination; and (3) Mr. Hampton asserts claims for damages that are not available under the ADEA. UTA also argues that Mr. Hampton's breach-of-contract claim should be dismissed for two reasons: (1) the court lacks jurisdiction to hear that claim; and (2) Mr. Hampton has not stated a claim for breach of contract. Because the ADEA claim provides the basis for this court's jurisdiction, the court begins with that claim.

A. AGE DISCRIMINATION

1. **The ADEA's 90-day Limitation Period**

The ADEA provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c)(1). However, the right to bring such an action is limited. For example, an employee loses the right to prosecute an action on his or her own behalf if the EEOC commences an action to enforce the employee's rights. *See id.* If the EEOC determines not to commence an action, then "the Commission shall notify the person aggrieved." 29 U.S.C. § 626(e). The employee must then bring his or her own action "within 90 days after the date of the receipt of such notice" or forfeit his or her claim. *Id.*

As the court held in its prior order, the intake form and accompanying affidavit Mr. Hampton submitted to the UALD on March 11, 2016 constituted a valid ADEA charge. *See* Memorandum Decision and Order, ECF No. 16 at 6. And because the UALD has a work-sharing agreement with the EEOC, Mr. Hampton's charge is deemed received by both the UALD and the EEOC. *See* 29 C.F.R. § 1626.10 ("Charges received by one agency under the [work-sharing] agreement shall be deemed received by the other agency for purposes of § 1626.7 [Timeliness of Charge]."); *see also Branham v. Delta Airlines*, 184 F. Supp. 3d 1299, 1307 (D. Utah Apr. 26, 2016) ("Plaintiff's filing of her charge with the EEOC automatically initiated the proceedings in both the EEOC and the UALD."). Therefore, for timing purposes, the EEOC also received Mr. Hampton's charge on March 11, 2016.

But the ADEA's 90-day limitation period does not run from the date the EEOC receives a charge. Instead, it runs from the date the aggrieved person receives notice from the EEOC that it has terminated or will not commence an action on the charge. 29 U.S.C. § 626(e).

Mr. Hampton alleges that he "never received a Notice of Right to Sue or other documentation terminating proceedings with the EEOC" and that "[t]o his knowledge, the EEOC never terminated the proceedings before it." Amended Complaint, ECF No. 23 at ¶ 32. On a 12(b)(6) motion to dismiss, the court takes these allegations as true. But UTA points to Mr. Hampton's memorandum in opposition to its first motion to dismiss, in which he indicates that "[t]he UALD eventually created a charge and that charge was filed *but rejected as untimely*." ECF No. 14 at 4 (emphasis added). UTA argues that, for Mr. Hampton to say that the charge was rejected as untimely, he must have received some notice that the charge had been rejected.[1] In Mr. Hampton's opposition to the instant motion, he admits as much:

> [Mr. Hampton] received a phone call from someone named Sydney at the UALD claiming that his claim was untimely. During that phone call, [Mr. Hampton] was not informed of the status of his Charge before the EEOC or that his UALD claim was terminated. He was not informed that he had the right to file a claim against the defendant in state or federal court. He was not informed of any statutes of limitations that may be applicable in his case.

ECF No. 28 at 2.

UTA argues that the phone call from UALD should constitute notice from both UALD and the EEOC. UTA's argument finds some support in EEOC regulations because the EEOC has delegated authority

> to issue Notices of Dismissal or Termination, in accordance with this section, to: Directors of District, Field, Area and Local offices; the Director of the Office of Field Programs; the Director of Field Management Programs, Office of Field Programs; the General Counsel; or their designees.

---

[1] The court agrees with this reasoning. UTA also correctly notes that the court "is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record" without converting a motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)).

29 C.F.R. § 1626.17. However, even if the court assumes that the EEOC delegated authority to the UALD to issue notices on its behalf, the phone call Mr. Hampton received did not satisfy the EEOC's own regulatory requirements. Under 29 C.F.R. § 1626.17(c),

> [t]he Notice of Dismissal or Termination shall include:
> (1) A copy of the charge;
> (2) Notification that the charge has been dismissed or the Commission's proceedings have otherwise been terminated; and
> (3) Notification that the aggrieved person's right to file a civil action against the respondent on the subject charge under the ADEA will expire 90 days after receipt of such notice.

The EEOC (through the UALD) could not include a copy of Mr. Hampton's charge over the telephone. For that reason alone, the UALD's phone call did not constitute a notice of dismissal or termination that would commence the 90-day limitation period of 29 U.S.C. § 626(e). Accordingly, the 90-day limitation period does not apply. The EEOC received Mr. Hampton's charge on March 11, 2016, and Mr. Hampton has not received notice that the EEOC dismissed or otherwise terminated proceedings. Mr. Hampton filed this action in December 2016—well after the 60 days required by 29 U.S.C. § 626(d)(1).[2] Therefore, Mr. Hampton's action was timely filed.

2. **Stating a Claim for Age Discrimination**

UTA next argues that Mr. Hampton's age discrimination claim fails "because he does not allege that he applied for the [Senior Internal Auditor] position at issue, which is a necessary element to his age discrimination claim." ECF No. 24 at 2. Application for a position is a required to establish a *prima facie* case in the failure-to-hire context. *Garrison v. Gambro, Inc.*,

---

[2] 29 U.S.C. § 626(d)(1) provides: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]."

428 F.3d 933, 937 (10th Cir. 2005). But Mr. Hampton's age discrimination claim is not a failure-to-hire claim; it is a wrongful termination claim.

Under the ADEA, it is unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case, Mr. Hampton must show only "that (1) the employee belongs to the protected age group; (2) the employee's job performance was satisfactory; (3) the employee was discharged; and (4) the employee was replaced by a younger person." *Thomas v. Int'l Business Machines*, 48 F.3d 478, 484 (10th Cir. 1995). UTA's motion does not dispute that Mr. Hampton has pled each of these elements.

### 3. Damages Under the ADEA

Mr. Hampton's amended complaint seeks "liquidated and/or punitive damages." ECF No. 23 at ¶ 41. The ADEA does provide for liquidated damages in the event of a willful violation. *See* 29 U.S.C. § 626(b); 29 U.S.C. § 216(b) (providing that liquidated damages are to be awarded in an amount equal to the complaining party's lost wages). However, because the ADEA's liquidated damages provision "serve[s] to punish those who engage in willful violations," awarding punitive damages under the ADEA "would, in effect, grant plaintiff a double recovery." *Bruno v. W. Elec. Co.*, 829 F.2d 957, 967 (10th Cir. 1987). Furthermore, when punitive damages are not available, "plaintiffs will more likely seek contractual rights and more willingly participate in agency reconciliation efforts." *Id.* Consequently, the Tenth Circuit has unequivocally held that "punitive damages are not available under the ADEA." *Id.*

### B. BREACH OF CONTRACT

### 1. Subject-Matter Jurisdiction

UTA argues that if the court dismisses Mr. Hampton's ADEA claim, it should also dismiss his state-law claim for breach of contract. However, as explained above, the court will not dismiss Mr. Hampton's ADEA claim.

The federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And "in any civil action of which the district courts have original jurisdiction," they have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

As Justice Holmes indicated, "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). In this case, the ADEA creates Mr. Hampton's first cause of action, so the court has original jurisdiction to hear it. And because Mr. Hampton's second cause of action is part of the same case and controversy, the court has supplemental jurisdiction over his breach-of-contract claim.

**2. Stating a Claim for Breach of Contract**

UTA also argues that Mr. Hampton's breach-of-contract claim should be dismissed with prejudice because he has not (and cannot) plead such a claim. "The elements of a *prima facie* case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001).

Mr. Hampton has alleged each of these elements. *First*, Mr. Hampton alleges that he entered into a contract with UTA for his services as an Auditor, and he alleges that "[d]uring the course of his employment, Mr. Hampton was informed that when his employment terminated, he would receive . . . [a] lifetime permanent ride pass [and] [h]is unused sick time would be converted into a Health Reimbursement Arrangement." Amended Complaint, ECF No. 23 at ¶ 14. He also alleges that he continued working for UTA based on these representations and other consideration he received. UTA objects that its corporate policy manual identifies the permanent

8

ride pass and HRA conversion as benefits available only to retiring employees. But UTA's policy manual is not referenced in nor is it attached to Mr. Hampton's complaint, so it is not properly before this court on a 12(b)(6) motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).[3]

*Second*, Mr. Hampton alleges that he performed his end of the bargain. Indeed, he alleges that he received commendations for his performance in 2008, 2009, 2010, 2013, and 2014.

*Third*, Mr. Hampton alleges that UTA breached their contract when it refused him the lifetime pass and HRA conversion.

And *Fourth*, Mr. Hampton alleges damages resulting from UTA's breach.

## IV.   ORDER

For the reasons above:

1. Mr. Hampton is not entitled to punitive damages under the ADEA. His claim for punitive damages is **STRICKEN** from the amended complaint.

2. In all other respects, UTA's motion is **DENIED**.

**SO ORDERED.**

---

[3] Even if the court were to consider UTA's policies, a policy providing certain benefits to retirees does not necessarily conflict with an oral agreement promising those benefits to other terminated employees.

9

Signed February 26, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge